# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## HELENA DIVISION

| | |
|---|---|
| DOUGLAS R. BOESE,<br><br>    Plaintiff,<br><br>vs.<br><br>MONTANA SUPREME COURT<br>JUSTICES, PATRICIA COTTER;<br>WILLIAM LEAPHART; BRIAN<br>MORRIS; MICHAEL WHEAT;<br>and JIM RICE,<br><br>    Defendants. | Cause No. CV 10-00050-H-DWM-RKS<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATION OF UNITED STATES<br>MAGISTRATE JUDGE |

Pending are Plaintiff Douglas Boese's Motion for Leave to Proceed in Forma Pauperis (Court Doc. 1) and his proposed Complaint for Declaratory Judgment and for Injunctive Relief (Court Doc. 2).

The Motion for Leave to Proceed in Forma Pauperis will be granted and the Complaint deemed filed on November 22, 2010. The review mandated by 42 U.S.C. § 1915 reveals that this matter must be dismissed based on judicial immunity and the Rooker-Feldman doctrine.

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE–CV-10-00050-H-DWM-RKS / PAGE 1

# I.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Boese submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Boese is required to pay the statutory filing fee for this action of $350.00.  Mr. Boese submitted account statements showing average monthly deposits of $90.85 over the six months immediately preceding the filing of this action. Therefore, an initial partial filing fee of $18.17 will be assessed by this Order.  28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Mr. Boese's account and forward it to the Clerk of Court.

Thereafter, Mr. Boese will be obligated to make monthly payments of 20% of the preceding month's income credited to Mr. Boese's prison trust account.  The percentage is set by statute and

cannot be altered.  See 28 U.S.C. § 1915(b)(2).  By separate order, the Court will direct the agency having custody of Mr. Boese to forward payments from Mr. Boese's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Mr. Boese's Complaint shall be deemed filed as of the date the Motion to Proceed in Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court.  See Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir. 1983); see also United States v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## II.  STATEMENT OF CASE

### A.   Parties

Mr. Boese is a prisoner incarcerated at Montana State Prison in Deer Lodge, Montana.  He is proceeding without counsel.  Mr. Boese names the following Montana Supreme Court Justices as Defendants: Patricia Cotter, William Leaphart, Brian Morris, Michael Wheat, and

Jim Rice.

## B. Allegations

Mr. Boese alleges the named Justices of the Montana State Supreme Court ignored the mandatory predicate procedural language of Judicial Codes § 3-1-803 and § 3-1-805 and the Montana Supreme Court precedent in regard to jurisdiction after the filing of an affidavit for disqualification.

Mr. Boese asks for a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Justices of the Montana State Supreme Court denied Mr. Boese his right to due process and equal protection guaranteed under the Fourteenth Amendment of the United States Constitution by failing to reverse the state district court's ruling to require compliance with the mandatory predicate language of state judiciary procedural statutes Mont. Code Ann. § 3-1-803 and § 3-1-805.

Mr. Boese further requests pursuant to 28 U.S.C. § 2202 that the Justices be enjoined from denying Mr. Boese his Fourteenth Amendment right to due process and equal protection and order a remand to the Montana State Supreme Court to enforce compliance

with Mont. Code Ann. §§ 3-1-803, 805 in regard to jurisdiction after the

filing of an affidavit for disqualification for cause.

As Mr. Boese's allegations are somewhat vague, the Court has

turned to the Montana Supreme Court's Opinion dated October 5, 2010

in Mr. Boese's appeal of the dismissal of his lawsuit against Judge

Laurie McKinnon.  See *U.S. ex rel. Robinson Rancheria Citizens*

*Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 2002) (courts may

take judicial notice of proceedings in other courts "if those proceedings

have a direct relation to matter at issue").

The Montana Supreme Court sets forth the history of this case as

follows:

> In August 2007, plaintiff Douglas Boese sued the
> Crossroads Correctional Center (CCC) in the Ninth Judicial
> District Court in Toole County.  Judge Laurie McKinnon, the
> appellee in the appeal before us, was the presiding judge in
> that case.  In the course of that proceeding, Boese came to
> believe that McKinnon maliciously refused to issue timely
> rulings on some of his motions, made vindictive rulings on
> other motions, and incorrectly granted motions filed by CCC.
> As a result, Boese filed an Affidavit for Disqualification with
> the Clerk of Ninth Judicial District Court, Sandra Peers,
> seeking to have McKinnon removed as presiding judge. Peers
> entered the affidavit into the court register but, according to
> Boese, "intentionally ignored" her statutory responsibility to

forward it to the Montana Supreme Court. McKinnon
continued presiding over the matter and ultimately ruled
against Boese by granting CCC's motion for summary
judgment. Rather than appealing McKinnon's rulings, Boese
sued McKinnon and Peers for intentional breach of a general
duty of care, intentional breach of a statutory duty, and
actual malice. Judge David Cybulski presided over Boese's
suit against McKinnon and Peers.  McKinnon sought
summary judgment on various grounds, including judicial
immunity.  Peers moved for dismissal for failure to state a
claim against her.  Boese moved to stay the summary
judgment and dismissal proceedings pending discovery.
McKinnon moved to stay discovery until the dispositive
motions were decided.  Judge Cybulski granted both
McKinnon's and Peers' motions and denied Boese's discovery
motion.  Boese appeals Judge Cybulski's order.

*Boese v. McKinnon*, 2010 MT 209N, 2010 WL 3878421 (unpublished

disposition Oct. 5, 2010).  The Montana Supreme Court affirmed.

## III. REVIEW UNDER 28 U.S.C. § 1915(e)(2)

### A.    Standard

As Mr. Boese is a prisoner proceeding in forma pauperis, his

complaint is subject to screening under 28 U.S.C. § 1915 and 28

U.S.C. § 1915A.  Sections 1915A(b) and 1915(e)(2)(B) allow for the

dismissal of a complaint before it is served upon the defendants if it

is "frivolous," "fails to state a claim upon which relief may be

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE–CV-10-00050-H-DWM-RKS / PAGE 6

granted," or "seeks monetary relief from a defendant who is immune from such relief."

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. 544. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE–CV-10-00050-H-DWM-RKS / PAGE 7

face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles." Iqbal, 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE–CV-10-00050-H-DWM-RKS / PAGE 8

they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950.  Legal conclusions must be supported by factual allegations.  Iqbal, 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950.

Even after Twombly, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson, 127 S.Ct. at 2200; Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); Hebbe v. Pliler, ___ F.3d ___ 2010 WL 4673711 (9th Cir. November 19, 2010)(the Ninth Circuit continues to construe pro se filings liberally when evaluating them under Iqbal).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court

can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

### B.   Analysis

Mr. Boese asserts jurisdiction lies under 28 U.S.C. § 2201 and § 2202.  The Declaratory Judgment Act, 28 U.S.C. § 2201, creates a federal remedy for claims over which the Court already has subject matter jurisdiction. 28 U.S.C. § 2201.  It is not an independent basis for federal jurisdiction.  Whether a declaratory relief claim arises under federal law is determined by the nature of the underlying coercive claim.  *Franchise Tax Board of State of Calif. v. Construction Laborers Vacation Trust for Southern Calif.*, 463 U.S. 1, 19, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

Mr. Boese's complaint should be dismissed for two reasons.

First, the Montana Supreme Court Justices are absolutely immune
from civil liability.  Schucker v. Rockwood, 846 F.2d 1202, 1204
(9th Cir. 1988)(per curiam)("Judges are absolutely immune from
damage actions for judicial acts taken within the jurisdiction of
their courts.") It appears from Mr. Boese's complaint and the
Montana Supreme Court decision in Boese v. McKinnon that the
Justices were acting well within their judicial jurisdiction when
they affirmed the dismissal of Mr. Boese's case.  The Justices would
still retain their immunity from liability even if they were acting
maliciously, corruptly, or in error in dismissing the case, which
they were not.  Mireles v. Waco, 502 U.S. 9, 11 (1991)(per curiam);
Schucker, 846 F.2d at 1204.

The Rooker-Feldman doctrine also requires dismissal of Mr.
Boese's complaint.  The Rooker-Feldman doctrine provides that
federal district courts lack jurisdiction to review cases where the
plaintiff complains of injuries caused by state court judgments
rendered before the federal district court proceedings commenced.
Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280,

284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).  Federal district courts generally lack the authority to review state judgments pursuant to 28 U.S.C. § 1257, since only the United States Supreme Court has such jurisdiction.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Ct. of App. v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

A plaintiff cannot appeal state court cases directly to United States district courts, nor can they bring federal claims that would ask district courts to pass judgment on state court findings.  The Rooker-Feldman doctrine "recognizes the implicit statutory structure established by Congress, which has determined that the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts."  Maldonado v. Harris, 370 F.3d 945, 949 (9th Cir. 2004).

A federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE—CV-10-00050-H-DWM-RKS / PAGE 12

action was unconstitutional." Feldman, 460 U.S. at 486. "This rule

applies even [when] . . . the challenge is anchored to alleged

deprivations of federally protected due process and equal protection

rights." Id. at 486. (internal citation omitted).

## IV.  CONCLUSION

This action should be dismissed without leave to amend based

on judicial immunity and the Rooker-Feldman doctrine.  *Noll v.*

*Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987) (While the court

ordinarily would permit a pro se plaintiff to amend, leave to amend

should not be granted where it appears amendment would be

futile).

The Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in
> the district-court action, or who was determined to be
> financially unable to obtain an adequate defense in a
> criminal case, may proceed on appeal in forma pauperis
> without further authorization, unless:
>> (A) the district court-before or after the notice of
>> appeal is filed-certifies that the appeal is not taken in
>> good faith or finds that the party is not otherwise
>> entitled to proceed in forma pauperis and states in
>> writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he seeks review of any issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The judicial immunity of the Montana Supreme Court Justices and the application of the Rooker-Feldman doctrine to Mr. Boese's case are so clear that any appeal would not be in good faith.

Therefore:

## ORDER

1.  Mr. Boese's Motion for Leave to Proceed in forma pauperis (Court Doc. 1) is **GRANTED.**  The Clerk shall file the Complaint

without prepayment of the filing fee.  Boese is assessed $18.17 as an initial partial filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is **DEEMED FILED** on November 22, 2010.

3.  At all times during the pendency of this action, Mr. Boese SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Boese has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

RECOMMENDATIONS

1.  Mr. Boese's Complaint should be DISMISSED WITHOUT

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE–CV-10-00050-H-DWM-RKS / PAGE 15

PREJUDICE based on judicial immunity and the Rooker-Feldman doctrine.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Boese may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE–CV-10-00050-H-DWM-RKS / PAGE 16

Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this <u>8th</u> day of December, 2010.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE–CV-10-00050-H-DWM-RKS / PAGE 17