

FILE:

FEB 0 9 2011

PATRICK E. DUFFY, CL
By_____
DEPUTY CLERK, MISS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### HELENA DIVISION

| | | |
|---|---|---|
| DOUGLAS R. BOESE | ) | CV 10-50-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MONTANA SUPREME COURT | ) | |
| JUSTICES, PATRICIA COTTER; | ) | |
| WILLIAM LEAPHART; BRIAN | ) | |
| MORRIS; MICHAEL WHEAT; | ) | |
| and JIM RICE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Douglas Boese is a state prisoner proceeding pro se.  He alleges

certain Justices of the Montana Supreme Court ("Justices") erred when they failed

to reverse a state district court's ruling.  He seeks declaratory judgment pursuant to

28 U.S.C. § 2201 that the Justices denied his right to due process and equal

protection guaranteed under the Fourteenth Amendment of the United States Constitution. Mr. Boese also requests pursuant to 28 U.S.C. § 2202 that the Justices be enjoined from denying Mr. Boese his Fourteenth Amendment right to due process and equal protection and order a remand to the Montana State Supreme Court to enforce compliance with Montana Code Annotated §§ 3-1-803 and 3-1-805.

United States Magistrate Judge Keith Strong entered Findings and Recommendation in this matter on December 8, 2010. Judge Strong recommended dismissing Mr. Boese's complaint without prejudice based on judicial immunity and the Rooker-Feldman doctrine. Plaintiff timely objected. The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Mr. Boese objects to Judge Strong's recommendation that the case be dismissed pursuant to the Rooker-Feldman doctrine because the case, according to Boese, is not an appeal but rather a suit in equity. Mr. Boese's complaint asserts the Justices ignored Montana Law that required State District Court Judge Laurie McKinnon to disqualify herself and not preside in a case. He seeks a declaration that the Montana Supreme Court misinterpreted Montana law and therefore

deprived him of due process.  Essentially, Mr. Boese seeks a review of the

Montana Supreme Court's decision.

As Judge Strong stated, federal district courts lack jurisdiction to review

cases where the plaintiff complains of injuries caused by state court judgments

rendered before the federal district court proceedings commenced.  <u>Exxon Mobile</u>

<u>Corp. V. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 284 (2005).  Furthermore,

the United States Supreme Court's power to review state-court judgments extends

only to federal questions.  <u>Murdock v. Memphis</u>, 87 U.S. 590 (1874) (no

supplemental jurisdiction to review state claims).  Judge Strong correctly

concluded that this Court does not have jurisdiction to review the Montana

Supreme Court's interpretation of Montana Law.  As this court lacks jurisdiction

here, I see no need to review Judge Strong's other reasons for dismissal.

IT IS HEREBY ORDERED that Judge Strong's Findings and

Recommendation (dkt #4) are adopted insofar as it finds Mr. Boese's complaint

violates the Rooker-Feldman doctrine.  The Complaint is DISMISSED WITHOUT

PREJUDICE.

The Clerk of Court is directed to close this matter and to enter judgment

pursuant to Fed. R. Civ. P. 58.

The Clerk of Court is further directed to have the docket reflect that the

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Defendants are entitled to judgment and no reasonable person could suppose an appeal would have merit.

Dated this ⟋ day of February, 2011.

Donald W. Molloy, District Judge
United States District Court